**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Derek Frandon MACK, Defendant–
Appellant.**

No. 04–41180.

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 15, 2005.

Heather Harris Rattan, Assistant U.S. Attorney, U.S. Attorney's Office, Plano, TX, for Plaintiff–Appellee.

Mark A. Perez, Perez & Lugo, Dallas, TX, for Defendant–Appellant.

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Derek Frandon Mack appeals his guilty-plea conviction and sentence for conspiracy to manufacture, distribute, or possess with the intent to manufacture, distribute, or dispense 3,4–Methylenedioxymethamphetamine, Methylenedioxy-methamphetamine, methamphetamine, cocaine, and marijuana. He avers that his sentence runs afoul of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because he was sentenced under the mandatory guideline scheme held unconstitutional in *Booker.* He also avers that the district court's denial of the acceptance-of-responsibility adjustment violated *Booker* because the court denied the adjustment based on findings that went beyond the facts admitted by him. Mack further avers that the district court's determination that he was a career offender ran afoul of *Booker* because he never admitted to the factual basis for the predicate offenses.

■■ In Mack's case, there was no Sixth Amendment violation under *Booker* because the only enhancement to his sentence was based on his status as a career offender. *See Booker,* 125 S.Ct. at 756, 769; *United States v. Guevara,* 408 F.3d 252, 261 (5th Cir.2005)(There is no Sixth Amendment violation with respect to post-trial consideration of career offender status). Nor did the district court's denial of a reduction for acceptance of responsibility implicate *Booker. See United States v. De Jesus–Batres,* 410 F.3d 154, 163 n. 2 (5th Cir.2005).

■■ The district court's imposition of the sentence based on the mandatory guideline system nonetheless was error. *See Booker,* 125 S.Ct. at 768; *see also United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005), *cert. denied* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 816208 (2005). However, Mack has not shown that the district court's imposition of his sentence under the mandatory guidelines system affected his substantial rights, as the record does not indicate that the district court would have imposed a different sentence under an advisory guidelines system. *See United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732–33 (5th Cir.2005). Therefore, Mack has not met the requirements to establish plain error. *See id.*

The district court's denial of an adjustment for acceptance of responsibility permissibly relied upon the finding that Mack failed to tell the probation officer that he received drugs other than methamphetamine and marijuana from a co-conspirator. Mack has failed to show that the district court's denial of an adjustment for acceptance of responsibility was without foundation. *See United States v. Washington,* 340 F.3d 222, 227 (5th Cir.2003). The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.